UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| KINDALE K. MOORE, #142-69-73, | : |
| Petitioner, | : |
| v. | : Civil Action No. 2:13cv351 |
| HAROLD W. CLARKE, Director, Virginia Department of Corrections, | : |
| Respondent. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kindale K. Moore ("Moore") is a Virginia inmate currently serving two life sentences, plus 20 years, following his 2011 convictions for rape, forcible sodomy and burglary. His federal habeas petition alleges two claims related to his right to counsel, and the trial court's admission of evidence he claims violated his Sixth Amendment right to confront witnesses against him. The Respondent moved to dismiss, and the matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

For the reasons set forth in detail below, the undersigned recommends that the Court GRANT Respondent's motion, and DISMISS the petition. Moore's Confrontation Clause challenge to the admission of his victim's 911 call should be dismissed as the state court's merits determination was neither contrary to, nor based on an unreasonable application of federal law, nor on an unreasonable factual finding. His ineffective assistance of counsel claim, alleged for the first time in this petition, is procedurally defaulted, and Moore's lack of counsel during the initial collateral review process does not establish cause to excuse the procedural default.

I.  **STATEMENT OF THE CASE**

Moore was charged with rape, forcible sodomy and burglary, and convicted on a conditional guilty plea in the Circuit Court of Virginia Beach. He appealed his conviction to the Virginia Court of Appeals, which denied it on December 22, 2011. Moore v. Commonwealth, No. 1256-11-1 (Va. Ct. App. Dec. 22, 2011). The Supreme Court of Virginia then refused Moore's petition for appeal. Moore v. Commonwealth, R. No. 120775 (Va. July 25, 2012). As relevant here, on direct appeal Moore challenged only the admission against him of a 911 call placed by E.B., one of the victims of his attack.[1]

Shortly before the Supreme Court's action Moore attempted to file a petition in the Circuit Court, which the Circuit Court interpreted as a habeas corpus petition. (In re Kindale K. Moore, Pet'r., R. No. CL11-4035, Ex. C to Respondent's Memorandum, ECF No. 7-3). However, because the petitioner failed to comply with several requirements, the Court returned the petition along with appropriate forms, and directed further filings which Moore never perfected.

On June 21, 2013, Moore, proceeding pro sé, filed the present habeas petition pursuant to 28 U.S.C. § 2254. He raises two claims.

1) That he was denied effective assistance of counsel when his trial attorney (a) failed to send him documents concerning the case, and (b) falsely advised him that he would only receive five years if he pled guilty.

2) That he was denied his Sixth Amendment right to confront witnesses against him when the state court admitted a recording of the 911 call made by one of his victims.

(ECF No. 1 at 5-7).

---

[1] Moore's direct appeal also challenged the two life sentences imposed by the trial court, but his current habeas petition raises no sentencing challenges.

Respondent filed a Rule 5 Answer and Motion to Dismiss, along with brief in support. (ECF Nos. 5, 6, 7). As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), Moore was advised of his right to file opposing affidavits, statements, exhibits, and legal memoranda, as well as the possible consequences of failing to oppose Respondent's filing. Moore failed to respond to the Motion to Dismiss which is now ripe for judicial review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas petitions filed pursuant to 28 U.S.C. § 2254(a) challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in his trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); Picard v. Connor, 404 U.S. 270, 275-76 (1971). Respondent concedes, and the undersigned agrees, that for purposes of federal review, Moore's claims have been exhausted, either because he previously presented them to the state's highest court, or because he would now be procedurally barred from doing so. (ECF No. 7 at 4-5).

Once a petitioner's state remedies have been exhausted, a federal court still may not grant relief on any claim adjudicated on the merits by the state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the

facts." 28 U.S.C. §§ 2254(d)(1)-(2). A state court's decision is contrary to clearly established federal law if the court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. A state court makes an unreasonable determination of fact when its application of the law depends, in whole or in part, on a factual finding that is not supported by evidence in the record. See Wiggins v. Smith, 539 U.S. 510, 528, 123 S.Ct. 2527 (2003) (finding contradicted by documentary record demonstrated "partial reliance on an erroneous factual finding" rendering court's conclusion unreasonable); Moore v. Commonwealth, No. 1256-11-1 at 1-2.

1. **Ineffective Assistance of Counsel.**

Moore's ineffectiveness claim was not addressed by the Circuit Court Order directing him to resubmit his state habeas claim. Because Moore never followed that Court's direction to present his state habeas claims on a proper form, he has failed to exhaust his ineffectiveness claim. If he were to try to exhaust the claim now, it would be barred by Virginia's statute of limitations for habeas claims, because more than two years have elapsed since final judgment of the trial court, and more than one year since the final disposition of his appeal in state court. Va. Code § 8.01-654(A)(2). Accordingly, Moore's failure to advance this claim during his aborted state habeas proceedings results in it being simultaneously exhausted and procedurally defaulted. Teague v. Lane, 489 U.S. 288, 297-99 (1989); Bassette v. Thompson, 915 F.2d 932, 935-37 (4th Cir. 1990).

A petitioner may overcome a procedural default by showing "cause and prejudice" or by establishing that his confinement constitutes "a miscarriage of justice." See Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977). A procedural default is excusable under the cause and prejudice standard when the petitioner demonstrates (1) "'that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule,' and (2) that 'errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions.'" Wolfe v. Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Frady, 456 U.S. 152, 170 (1982)). A proper showing of "actual innocence" is sufficient to satisfy the "miscarriage of justice" requirement. See House v. Bell, 547 U.S. 518, 536-37 (2006). Moore has not attempted to satisfy either prerequisite to excusing his procedural default.

Until recently, Moore's failure to raise the ineffectiveness claim in his abandoned pro se' state petition would clearly bar federal review. Wainwright, 433 U.S. at 84-85. The absence or ineffectiveness of post-conviction counsel would not qualify as cause to excuse that default. Maples v. Thomas, 132 S.Ct. 912, 922 (2012); Coleman v. Thompson, 501 U.S. 722, 753-54 (1991). But last year the Supreme Court created a narrow qualification to Coleman, holding that the absence of counsel or the presence of ineffective counsel during initial collateral review proceedings may constitute "cause" to excuse procedural default and permit federal review of an otherwise defaulted ineffectiveness claim. Martinez v. Ryan, 132 S.Ct. 1309, 1318-19 (2012). The exception, though narrow, is relevant to Moore's ineffectiveness claim.[2]

Martinez established a test to determine whether a petitioner can establish cause for defaulting on an ineffective assistance claim on the basis of inadequate representation in state

---

[2] Moore has not cited Martinez, nor argued that it permits review of the otherwise defaulted claim. But this report will analyze Martinez in view of the deference due Moore's pro sé pleadings. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

5

habeas proceedings. First, the state imposing the conviction must require the prisoner to raise an ineffective assistance claim in a collateral proceeding rather than on direct review. Martinez, 132 S.Ct. at 1318. Second, the state must have failed to appoint counsel in the initial-review collateral proceeding, or appointed counsel in the collateral proceeding must have been ineffective. Finally, the underlying ineffective assistance claim must have "some merit." Id.

Virginia does require ineffectiveness claims to be presented on collateral review. See Lenz v. Commonwealth, 261 Va. 451, 460, 544 S.E.2d 299, 304 (Va. 2001) (explaining that ineffective assistance claims must be brought in state habeas corpus proceedings). As a result, Moore's defaulted ineffectiveness claim meets the first part of the test.

With regard to part two, it is doubtful that Moore could meet this part of the test as he never submitted a proper state habeas filing nor any request for counsel. Thus, the Commonwealth did not "fail to appoint counsel" as Moore never presented any qualifying pleading which would suggest a need for counsel. Nevertheless, even if the Court were to assume that Moore was denied counsel and that the denial contributed to his procedural default, he is not entitled to the equitable relief provided by Martinez.

Martinez requires that the defaulted ineffectiveness claim be "substantial" or have "some merit." Id. at 1318 (citing Miller-El v. Cockrell, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue)). Moore's claim does not meet this requirement.

As alleged in his federal habeas petition, Moore's ineffectiveness claim relates to his attorney's alleged failure to send him paperwork before trial or sentencing, and a statement that he would only receive a five-year sentence if he pled guilty. In order for Moore to succeed on this claim, he must satisfy both the "performance" and "prejudice" prongs of the two-part test set

forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).[3] To satisfy the "performance" prong of the test, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. To satisfy the "prejudice" prong of the test, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.[4]

Moore's claim that his attorney had failed to send him paperwork fails to satisfy either prong of the Strickland test. He has not even identified the papers which were allegedly withheld, nor explained how his access to them would have affected the proceedings.

With regard to his claim that his attorney advised him he would only receive 5 years, the Court first notes that his defective state filing asserted that his lawyer promised him a sentence of 12 years on his guilty plea. More importantly, both the 12-year and 5-year claims are contradicted by Moore's sworn testimony during the plea colloquy. In two separate proceedings, one for each victim of his attacks, in open Court before the presiding judge Moore testified that he received no promises in exchange for his plea. When pleading guilty to the forcible sodomy and burglary, he was specifically asked if anyone had made any promises to him, he answered "No." (Commonwealth v. Moore, No. CR10-2818, Tr. of Colloquy, Feb. 22, 2011, p. 8). Immediately after that question he was asked if he understood the maximum punishment for the offense would be life plus 20 years. He answered "Yes." Id. Four months later, Moore

---

[3] As both prongs of the test are "separate and distinct elements" of an effective assistance claim, Moore must satisfy both the requirements of the test to prevail on the merits. Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994); Strickland, 466 U.S. at 697.

[4] "Reasonable probability" has been defined as "a probability sufficient to undermine the confidence in the outcome." Strickland, 466 U.S. at 694.

7

answered identically when he pled guilty to the rape charge. Commonwealth v. Moore, No. CR10-2818, Tr. of Colloquy, June 7, 2011, p. 9).

"Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath in a plea colloquy." Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992) (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)). Here, Moore has not alleged that his statements during the colloquy were coerced or involuntary. Nor is there any information in the record to suggest that they were. As a result, Moore has not plausibly alleged a substantial claim that his attorney was constitutionally ineffective and the Court should deny Claim 1.

### 2. Moore's Confrontation Clause Claim was correctly resolved by the Court of Appeals.

Moore's second claim asserts the trial court violated his Sixth Amendment right to confront witnesses against him by admitting a 911 call made by E.B., one of the victims of the rape underlying one of his life sentences. His victim, E.B., had died prior to trial and was unavailable to testify. Moore moved to suppress the call before trial, and after an evidentiary hearing the trial court denied the motion, ruling that the call was not testimonial in nature. Moore then entered a conditional guilty plea, preserving his right to appeal the evidentiary ruling, which he did.

On direct appeal, the Court of Appeals affirmed, agreeing with the trial court that E.B.'s call was not testimonial, and therefore admissible. The Supreme Court refused Moore's appeal. Thus, the Court of Appeals' decision on Moore's direct appeal is the highest reasoned state court decision on this claim, and it is presumed that the Supreme Court of Virginia's denial of Moore's appeal rests on the same grounds. See Roberts v. Johnson, No. 2:05CV331, 2006 WL 1881002

(E.D. Va. July 6, 2006) (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim [are presumed to] rest upon the same ground.")).

With regard to Moore's confrontation clause claim, the Court of Appeals wrote:

> In Crawford v. Washington, 541 U.S. 36, 68 (2004), the Supreme Court of the United States held that the admission of "testimonial" hearsay evidence violates the Confrontation Clause of the Sixth Amendment unless the declarant is unavailable to testify at trial and the defendant has had a "prior opportunity for cross-examination" of that declarant. Subsequently, in Davis v. Washington, 547 U.S. 813, 817 (2006), the Court addressed the question of whether "statements made to law enforcement personnel during a 911 call or at a crime scene are 'testimonial' and thus subject to the requirements of the Sixth Amendment's Confrontation Clause." The Court decided that
>
>> [s]tatements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.
>
> Id. At 822. The Court focused on the fact that the declarant "simply was not acting as a *witness*; she was not *testifying*" when she called 911 for help. Id. At 828.
>
> When the victim [E.B.] called 911 at 11:00 p.m. on May 23, 2008, she was not testifying as a witness. The transcript of the 911 calls reveals that she made the call to report that a man had broken into her house and raped her five minutes earlier. Although the seventy-seven-year-old victim did not indicate she was injured, she repeatedly stated that the perpetrator said he would come back and that she was fearful that he would. Thus, "[t]he emergency had not ended" and "involved a dangerous assailant" who had just raped the victim, promised to return, and induced her reasonable fear that she remained in danger. See Caison, 52 Va. App. 423, 437-38, 663 S.E.2d at 560 (affirming trial court's ruling that 911 call was not "testimonial" and violative of the Sixth Amendment). Thus, we conclude the contents of the 911 call were not "testimonial," and the trial court did not err in ruling that admission of the recording would not violate appellant's confrontation rights.

The Court of Appeals' decision is not contrary to or based on an unreasonable application of federal law, nor on any unreasonable factual determination. The entire transcript of the call is in the trial court record. As the Court of Appeals observed, it demonstrates the victim's ongoing fear that Moore would return and her desire for immediate assistance ("I'm afraid he'll be back and I could not fight him off again"). Moreover, the trial court reviewed the actual recording of the call, and observed that the "tone of her voice . . . sounds obviously upset and fearful." Commonwealth v. Moore, No. 8:R10-2818, Tr. of Pretrial Hr'g., Oct. 26, 2010, p. 12).

After reviewing the transcript of the hearing and the opinion of the Court of Appeals, the undersigned finds no unreasonable determination of fact, nor any unreasonable application of federal law in the Virginia Court of Appeals' analysis. In the excerpt cited above, the Court of Appeals recounted ample evidence to sustain the trial court's finding that E.B.'s call was not testimonial in nature. Therefore the undersigned recommends that the Court dismiss Claim 2.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED and Moore's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and DISMISSED with prejudice.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed

pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir.1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

November 18, 2013

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Order was mailed this date to the following:

Kindale K. Moore, #142-69-73
Sussex I State Prison
24414 Musselwhite Drive
Waverly, VA 23890

David Michael Uberman
Office of the Attorney General (Richmond)
900 E. Main Street
Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

November 18, 2013